**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LLOYDDRINA CHUWUN Y BAKER | ) | Case No. 22−30207−KLP |
| | ) | Chapter 13 |
| Debtor | ) | |

**NOTICE OF MOTION TO EXTEND THE AUTOMATIC STAY AND HEARING**

The above named Debtor, by counsel, has filed a Motion to Extend the Automatic Stay with the Court pursuant to 11 U.S.C. § 362(c)(3)(B). <u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN THAT A HEARING ON THIS MOTION WILL BE HELD ON February 23, 2022 at 10:00 a.m. in Honorable Judge Keith L. Phillips' Courtroom, U.S. Bankruptcy Court, 701 E. Broad Street, Room 5100, Richmond, VA 23219.**

- **REMOTE HEARING INFORMATION**:

Due to the COVID−19 public health emergency, no in-person hearings are being held.

This hearing will take place remotely through Zoom on the date and time scheduled herein.

To appear at the hearing, you must send, by email, a completed request form (the "Zoom Request Form"), which is available on the Court's internet website at <u>www.vaeb.uscourts.gov</u>, on the page titled, "Temporary Emergency Provisions Regarding ZoomGov Remote Proceeding Access Information." Email your completed Zoom Request Form to the email address listed for the Judge assigned to the case. Following receipt of your Zoom Request Form, Court staff will respond to the email address from which the request was submitted with additional information on how to participate through Zoom.

***The email address shall be used only to submit Zoom Request Forms. No other matters or requests will be considered by Court staff, and under no circumstances will any such matters or requests be brought to the Judge's attention. Failure to comply with these instructions may result in appropriate action, including but not limited to the imposition of sanctions.

*** PLEASE NOTE: **You MUST submit the Zoom Request Form no later than two (2) business days prior to this hearing. Any documentary evidence the parties wish to present at the hearing must be filed with the Court in advance of the hearing.**

James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

If you want to be heard on this matter, then no later than three (3) days before the date of the hearing, you or your attorney must:

1. File with the court, at the address below, a written response pursuant to Local Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

>Clerk of Court
>United States Bankruptcy Court
>701 E. Broad Street, Room 4000
>Richmond, VA 23219-3515

2. You must also mail a copy to:

>James E. Kane, Esquire
>Kane & Papa, PC
>P.O. Box 508
>Richmond, VA 23218

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

>Respectfully submitted,
>
>LLOYDDRINA CHUWUN Y BAKER
>By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
Kane & Papa, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

I certify that on February 9, 2022, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtors, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

>/s/ James E. Kane
>Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LLOYDDRINA CHUWUN Y BAKER ) | Case No. 22−30207−KLP |
| ) | Chapter 13 |
| Debtor ) | |

**MOTION TO EXTEND AUTOMATIC STAY AND MEMORANDUM IN SUPPORT**

COMES NOW, LLOYDDRINA CHUWUN Y BAKER (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Motion to Extend Automatic Stay and Memorandum in Support Thereof, and affirmatively states as follows:

**Jurisdiction**

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

**Background Facts**

4. On January 28, 2022 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5. Within the year prior to filing the instant case, Debtor has been a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on August 24, 2021 and dismissed on or about January 12, 2022 (Case No. 21-32595) (the "previous case").

6. The previous case was dismissed by the Court because the Debtor was delinquent in payments to the Chapter 13 Trustee. During the previous case the Debtor's sole income was from unemployment compensation. Once her benefits expired, she was not able to make the plan

3

payments. On January 12, 2022 the Debtor secured full time employment as a leasing consultant with BG Multifamily LLC and is now able to fund a Chapter 13 Plan.

### Facts of the Instant Case

7. In the instant case, the Debtor anticipates proposing a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $50.00 per month for a period of one (1) month, and then $335.00 per month for a period of fifty-four (54) months.

8. Among other provisions, the Plan proposes the following: Payment through the Trustee to Professional Finance Service for a vehicle loan, the IRS for taxes, and to unsecured creditors a dividend of approximately one percent (1%).

### Discussion

9. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " unless the Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

10. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

11. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtors to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtors must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12. Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007), instructs that the term "good

faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13.     Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14.     In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3), "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13." Chaney at 694.

**Argument**

15.     In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

16.     In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and his property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

17.     Applying the Neufeld factors to Debtor's circumstances and to this case leads to the following conclusions:

   a.     *Percentage of proposed repayment* - The Plan proposes to pay a dividend of 1% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

   b.     *Debtor's financial situation* – Debtor has income from working at BG Multifamily LLC. Application of this factor favors a finding of good faith.

   c.     *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

   d.     *Debtor's employment history and prospects* – Debtor has income from working at BG Multifamily LLC. Application of this factor favors a finding of good faith.

   e.     *Nature and amount of unsecured claims* – Debtor's Schedule F non-priority unsecured debts are estimated to be approximately $5,932.00. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts

or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

    f.    *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that the Debtor's previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

    g.    *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

    h.    *Any unusual or exceptional problems facing the particular debtors* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

    18.    Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". *See* <u>Chaney</u> at 694. In support hereof, the Debtor asserts the following additional arguments:

    a.    *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor's actions in this

regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

    b.    *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

    c.    *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

    d.    *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

    e.    *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case. Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

    WHEREFORE, for the foregoing reasons, LLOYDDRINA CHUWUN Y BAKER respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

8


Respectfully submitted,

LLOYDDRINA CHUWUN Y BAKER
By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

# CERTIFICATE OF SERVICE

      I certify that on February 9, 2022, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

                                            /s/ James E. Kane
                                            Counsel for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LLOYDDRINA CHUWUN Y BAKER | ) | Case No. 22−30207−KLP |
| | ) | Chapter 13 |
| Debtor | ) | |

### AFFIDAVIT OF LLOYDDRINA CHUWUN Y BAKER

LLOYDDRINA CHUWUN Y BAKER hereby states as follows:

1. My name is LLOYDDRINA CHUWUN Y BAKER. I am above the age of 18 years, and competent to make this affidavit.

2. I have personal knowledge of the facts set forth in this affidavit.

3. I reside at 630 Pegram Street, Petersburg, VA.

4. I have income from working as a leasing consultant with BG Multifamily LLC. I am the debtor in the present bankruptcy case.

5. During the one (1) year prior to filing the present case, I was a debtor in one (1) pending bankruptcy case that was dismissed.

6. Within the year prior to filing the instant case, I have been a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on August 24, 2021 and dismissed on or about January 12, 2022 (Case No. 21-32595) (the "previous case").

7. The previous case was dismissed by the Court because I was delinquent in payments to the Chapter 13 Trustee. During the previous case my sole income was from unemployment compensation. Once my benefits expired, I was not able to make the plan payments. On January 12, 2022 I secured full time employment as a leasing consultant with BG Multifamily LLC and am now able to fund a Chapter 13 Plan.

8. In the instant case, I anticipate proposing a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $50.00 per month for a period of one (1) month, and then $335.00 per month for a period of fifty-four (54) months.

9. Among other provisions, the Plan proposes the following: Payment through the Trustee to Professional Finance Service for a vehicle loan, the IRS for taxes, and to unsecured creditors a dividend of approximately one percent (1%).

10. I have listed all of my assets and all of my debts and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

11. After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

12. My debts arose as a result of ordinary living expenses. The debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services.

13. I have not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

14. I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect.

15. My income is consistent and likely to remain so during this case. My household expenses are not likely to change substantially. I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal on February 2, 2022.

                                        /s/ LLOYDDRINA CHUWUN Y BAKER (seal)
                                        LLOYDDRINA CHUWUN Y BAKER

State of Virginia
At Large; to wit:

The foregoing instrument was signed electronically on February 2, 2022, by LLOYDDRINA CHUWUN Y BAKER.

                                        /s/ Alfred Antonio Wilson
                                                    Notary Public

My Commission Expires:     April 30, 2022
Notary Registration Number:     7767477

```
AvanteUSA Ltd.
3600 South Gessner Road
Suite 225
Houston, TX 77063


Bon Secours
P.O. Box 409601
Atlanta, GA 30384


Caine & Weiner
Attn: Bankruptcy
5805 Sepulveda Blvd
Sherman Oaks, CA 91411


Capio Partners, LLC
Attn: Bankruptcy
Po Box 3498
Sherman, TX 75091


Capital Bank N.A.
One Church Street
Suite 100
Rockville, MD 20850


Caudle & Caudle, PC
3123 West Broad Street
Richmond, VA 23230


Cava Property Management
5310 Markel Road, #104
Richmond, VA 23230


Central Credit Services, LLC
Attn: Bankruptcy
9550 Regency Square Blvd, Ste 500 A
Jacksonville, FL 32225


Check City
2729 West Broad St
Richmond, VA 23220


City of Richmond Public Utilit
701 N. 25th Street
Richmond, VA 23223
```

```
Comcast
5401 Staples Mill Road
Henrico, VA 23228


DMV
PO Box 27412
Richmond, VA 23269


Dominion Virginia Power
PO Box 26543
Richmond, VA 23290


Firstpoint Coll Reso
Attn: Bankruptcy
Po Box 26140
Greensboro, NC 27402


Godwin-Jones Price
20 South Auburn Ave
Richmond, VA 23221


Hanover General District Court
7530 County Complex Rd.
Hanover, VA 23069


IC Systems, Inc
Attn: Bankruptcy
Po Box 64378
St. Paul, MN 55164


Intergrated Automobile Finance
1108 East Main Street
Suite 200
Richmond, VA 23219


Internal Revenue Service
Centralized Insolvency Operati
P. O. Box 7346
Philadelphia, PA 19101-7346


Lakeview Place, LLC
304 E. Main Street
Richmond, VA 23219
```

```
Legum Law, PLC
4004 Williamsburg Court
Fairfax, VA 22032


Mark D. Kidd, Esq.
P.O. Box 20487
Roanoke, VA 24018


Michael D. Hamilton PC
6714 Patterson
Richmond, VA 23226


New City Funding Corp.
146 South Liberty Drive
#11B
Stony Point, NY 10980


Patrick R. Pettitt, Esquire
P.O. Box 3472
Hampton, VA 23663


Phoenix Financial Services, LLC
Attn: Bankruptcy
Po Box 361450
Indianapolis,, IN 46236


Professional Financial Service
5400 Glenside Drive D
Henrico, VA 23228


Professional Financial Service
PO Box 1893
Spartanburg, SC 29304


Quantum 3 Group LLC
Comenity Bank
P.O. 788
Kirkland, WA 98083


Richmond Ambulance Authority
2400 Hermitage Rd.
Richmond, VA 23220
```

```
Simmons, LLC
8808 Three Chopt Road
#201 Office
Richmond, VA 23226


U.S. Bankruptcy Court
701 E. Broad Street
Room 4000
Richmond, VA 23219


USAA Federal Savings Bank
10750 W 1h 10
San Antonio, TX 78288


Voyager Partners, LLC
3753 Howard Hughes Parkway
Suite 200
Las Vegas, NV 89169


Woodforest Bank
2401 Sheila Ln.
Richmond, VA 23224
```